DEVENEY, HOOD & COMPANY *et al. vs.* HICKS *et al.*

Refusal to grant an injunction and appoint a receiver was not error.

November 21, 1888.

Equity. Fraud. Rescission. Insolvency. Injunction. Receiver. Before Judge HINES. Jefferson county. At chambers, June 19, 1888.

Deveney, Hood & Co. filed their bill (and others were subsequently made parties complainant) against Hicks and others, including the firm of Bell & Christian, of which firm complainants were creditors by open account for goods purchased and merged with their stock of merchandise, on which there was a prior non-shifting mortgage, complainants not knowing of it when they made the sales. It was alleged, among numerous other things, that the mortgage did not attach to the goods sold by the complainants and they could easily be identified, but Bell & Christian, though insolvent, had been induced by the other defendants to sell their stock to them in expressed consideration of the mortgage and a sum of money, thereby practicing a fraud on complainants. The deed is alleged to be a voluntary conveyance by insolvent debtors, without consideration, and void. The monetary consideration is attacked as not paid, but due Bell individually. There was no charge of insolvency as to the defendants other than Bell & Christian.

The object of the bill was, to have the money arising from the sale of the goods purchased of complainants applied to their claim. They prayed for injunction, receiver, account, general relief, etc.

On the bill, answers and affidavits submitted, the application was denied, and the complainants excepted.

CARSWELL & HUDSON, for plaintiffs.

GAMBLE & HUNTER and J. J. WHIGHAM, for defendants.

SIMMONS, Justice.

There was no error by the chancellor in refusing an injunction and receiver in this case. The answer of the defendants denies the equities in the complainants' bill. The complainants, in their bill, made no allegation of insolvency, claimed no lien, and alleged no fraud in the procurement of the goods from them by Bell & Christian, the mortgagors, nor did they seek a rescission of the sale of the goods made by them to Bell & Christian. And so far as the record discloses, the defendants are all solvent. If the defendants should sell the goods mentioned in the complainants' bill and appropriate the proceeds thereof to their own use, and if such sale and appropriation were illegal, the complainants, upon proper proof, could recover the money from them.

Judgment affirmed.